# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEWIS E. HUNTER,[1]

        Appellant,

      v.

DEPARTMENT OF THE ARMY,

        Agency.

DOCKET NUMBER
SF-0752-13-1627-I-1

DATE: May 13, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Lewis E. Hunter, Sacramento, California, pro se.

Jason DeRosa, Esquire, Portland, Oregon, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal with prejudice for failure to prosecute. For the reasons set

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Corps of Engineers/South Pacific Division v. Department of the Army*, MSPB Docket No. SF-0752-14-0285-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        On June 3, 2013, the agency issued a Notice of Proposed Furlough informing the appellant, a Geologist, that he would be furloughed for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense (DoD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013." Initial Appeal File (IAF), Tab 1 at 9-10.  The appellant submitted a written reply to the proposal notice.  *Id.* at 15-16.  By written notice dated June 24, 2013, the agency's deciding official informed the appellant that he would be furloughed as outlined in the proposal notice.  *Id.* at 12-14.  The record includes a Standard Form 50 (SF-50) reflecting the appellant's furlough, effective July 8, 2013, on discontinuous days between July 8, 2013, and September 30, 2013, and not to exceed a maximum of 88 hours during the furlough period.  *Id.* at 7-8.

¶3        The appellant filed a Board appeal challenging the agency's action but indicated that he did not want a hearing.  IAF, Tab 1 at 1-6.  In a furlough procedures order, the administrative judge informed the appellant that his appeal had been consolidated with the appeals of similarly situated employees.  *Corps of Engineers/South Pacific Division v. Department of the Army*, MSPB Docket No. SF-0752-14-0285-I-1, Consolidated Appeal File, Tab 2.  On July 21, 2014, the administrative judge issued an initial decision dismissing the appellant's appeal with prejudice for failure to prosecute.  IAF, Tab 6, Initial Decision (ID) at 1, 3. In particular, the administrative judge found that the appellant failed to exercise basic due diligence in prosecuting his appeal because he failed to appear for the scheduled status conference call, to submit a close of record submission or a response to the agency's close of record submission, or to respond to the show cause order on the failure to prosecute issue.  ID at 2.  The administrative judge

also informed the parties that the initial decision would become final if neither party filed a petition for review by August 25, 2014.  ID at 3.

¶4    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has not established good cause for untimely filing his petition for review.</u>

¶5    Generally, a petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that he received the initial decision more than 5 days after the date of the issuance, within 30 days after the date he received the initial decision.  5 C.F.R. § 1201.114(e).  Here, the administrative judge issued the initial decision on July 21, 2014, and the certificate of service reflects that the initial decision was sent to the appellant through email on July 22, 2014.  ID at 1; IAF, Tab 7.  In the initial decision, the administrative judge informed the parties that the initial decision would become the Board's final decision if neither party filed a petition for review by August 25, 2014.  ID at 3; *see* 5 C.F.R. § 1201.113.  The appellant filed a petition for review on January 21, 2015, almost 5 months past the initial decision's finality date.  PFR File, Tab 1.  In his petition for review, he argues that the Board should find good cause for his untimely filing by stating the following: "My original petition was filed in a timely manner but I did not realize that repeated input was needed to keep my appeal active.  I agree with the initial decision of the administrative judge.  I disagree with the agency's petition for review.  In this context I am requesting to have my appeal reactivated." *Id.* at 3-4.  In an acknowledgment letter, the Office of the Clerk of the Board informed the appellant that his petition for review was untimely filed and that he could file a motion with the Board to accept his filing as timely or to waive the time limit for good cause.  PFR File, Tab 2 at 1-2.  The appellant did not respond to the letter.

¶6        The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(g).  To establish good cause, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition for review.  *See Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        We find that the appellant has not demonstrated good cause for his untimely petition for review.  Although the appellant's pro se status is a factor weighing in his favor, it is insufficient to excuse his untimeliness.  *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶ 8 (2004).  His nearly 5-month delay in filing his petition for review is significant.  *See, e.g.*, *Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008) (finding a more than 1-month delay in filing a petition for review significant).  Although the appellant mistakenly believed that he was not required to take action beyond filing his initial appeal, his inexperience with legal matters and unfamiliarity with Board procedures do not warrant waiving the filing deadline.  *See Wallace v. Department of Veterans Affairs*, 81 M.S.P.R. 88, ¶ 5, *aff'd*, 217 F.3d 856 (Fed. Cir. 1999) (Table).  The appellant received clear notice of the filing deadline in the initial decision.  *See* ID at 3.  Thus, we find that the appellant has failed to show that he exercised due diligence or ordinary prudence in this case that would justify waiving the filing deadline.

¶8        The appellant submits new evidence in his petition for review and argues that the Board should consider it by stating: "These documents came out after the filing. As a result of the furlough a re-evaluation of workload was performed resulting in my re-classified [sic] into civil works. This indicates that the original UIC code used to determine whether I was furlough eligeble [sic] did not reflect my workload at the time of filing as claimed in my initial appeal." PFR File, Tab 1 at 5. The new evidence consists of an SF-50 reflecting the appellant's realignment, effective June 15, 2014, and a memorandum signed by him on June 4, 2014. *Id.* at 7-10. We find that the 6-month delay between the appellant's apparent discovery of the evidence in June 2014 and the filing of the petition for review in January 2015 shows his lack of diligence. *Cf. Armstrong v. Department of the Treasury*, 591 F.3d 1358, 1362-63 (Fed. Cir. 2010) (finding that the appellant's 3-week delay did not demonstrate a lack of diligence, but nothing that it may be appropriate in certain cases for the Board to consider new evidence even where there was a lengthy delay).

¶9        Our reviewing court has held that when a petitioner delays before filing a petition for review, as in the case here, justice may require waiving the timeliness requirement only when the new evidence is likely to change the result originally reached. *Id.*; *see De Le Gal v. Department of Justice*, 79 M.S.P.R. 396, 399 (1998) (discovery of new evidence may establish good cause for the untimely filing of a petition for review if the appellant shows that it was not readily available before the record closed below, and that it is of sufficient weight to warrant an outcome different from that of the initial decision), *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999) (Table). We find that the appellant's new evidence is not likely to change the administrative judge's dismissal of the case for failure to prosecute. The new evidence does not explain why the appellant failed to appear for the scheduled status conference call, to submit a close of record submission or a response to the agency's close of record submission, or to respond to the show cause order on the failure to prosecute issue. *See* ID at 2. Because we find that

the new evidence is not of sufficient weight to warrant an outcome different from that of the initial decision, we decline to waive the timeliness requirement.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection

Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case..

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.